OPINION OF THE COURT
Per Curiam.
The respondent was admitted to the bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on September 27, 1999.
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a verified petition dated December 14, 2010, containing three charges of professional misconduct. After a prehearing conference and a hearing, the Special Referee issued a report which sustained all the charges. The Grievance Committee now moves to confirm the Special Referee’s report and impose such discipline as the Court deems just and proper. The respondent joins in the motion to confirm and contends that the appropriate measure of discipline would be a public censure.
Charge one alleges that the respondent aided a nonlawyer in the unauthorized practice of law, in violation of Code of Professional Responsibility DR 3-101 and DR 1-102 (a) (5) and (7) (22 NYCRR 1200.16, 1200.3 [a] [5], [7]). The respondent was a partner in the law firm of Almonte & Bratkovsky, PLLC. In or about June 2006, Elina Zakharov, the vice-president of J’Adore Day Spa (hereinafter J’Adore), met with Roman Pyatetsky, whom she believed to be a lawyer and an associate in the respondent’s law firm, to discuss J’Adore’s legal options against Quality General Contracting Corporation (hereinafter Quality General) regarding allegedly substandard contracting services provided to J’Adore. Pyatetsky was not a lawyer and was not an employee of the respondent’s law firm. Zakharov paid legal fees in the sum of $7,000 to Pyatetsky and gave him original documents with the understanding that J’Adore was retaining the respondent’s law firm to handle the lawsuit against Quality.
*81 Without the respondent’s knowledge or direction, Pyatetsky prepared a summons and verified complaint, together with an attorney verification. Those pleadings listed Almonte & Bratkovsky, PLLC, as the attorney of record, and were supported by an attorney verification in the respondent’s name. On or about October 12, 2006, at Pyatetsky’s request, the respondent signed the summons and the verified complaint, as well as the attorney verification. At the time, the respondent had not obtained a signed retainer agreement or letter of engagement from J’Adore and knew that J’Adore had retained neither him nor his law firm. At that time, the respondent told Pyatetsky that neither he nor his law firm intended to actually represent J’Adore in the lawsuit. Pyatetsky, whom the respondent knew was not a lawyer, filed the J’Adore action in the Supreme Court, New York County.
Charge two alleges that the respondent signed a false attorney verification, knowing that it would be filed with the New York State Supreme Court in support of the summons and verified complaint also signed by the respondent, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]). The attorney verification recites that the respondent had read the summons and complaint, knew the contents thereof, and that the same was true to his own knowledge, except for those matters stated upon information and belief. The attorney verification further stated that the respondent “certifies that, upon information and belief, the source of knowledge is the review of the file maintained by my office, and the foregoing Complaint is not frivolous.” However, at the time respondent signed the attorney verification, he had never met or spoken to Zakharov or anyone else from J’Adore, had not reviewed any file or any other documents supporting the verified complaint, and had not otherwise confirmed the factual merits of the verified complaint.
Charge three alleges that the respondent neglected a legal case filed in a court of law under his name and with his knowledge, in violation of Code of Professional Responsibility DR 6-101 (a) (3) and DR 1-102 (a) (7) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [7]). The respondent, as the attorney of record for the plaintiff in the J’Adore lawsuit, was responsible for prosecution of that lawsuit. After the J’Adore lawsuit was filed, the respondent failed to take any action to prosecute the case or even monitor its status. The respondent knew or should have known that no other attorney was substituted in that case, and that he *82 remained the attorney of record. Quality General submitted an answer and counterclaim dated February 26, 2007 to the respondent’s law firm. The respondent failed to submit a reply to the counterclaim. Between 2006 and 2009, Zakharov made numerous telephone calls to the respondent’s law firm and was always directed to Pyatetsky. Unsuccessful in her attempts to speak with the respondent, in or about May 2009, Zakharov retained another attorney to determine the status of her lawsuit. The respondent failed to respond to a certified letter sent by Zakharov’s attorney, inquiring about the case. When Zakharov finally spoke to the respondent in the summer of 2009, the respondent simply told her to speak to Pyatetsky.
Based on the evidence adduced and the respondent’s admissions, the Special Referee properly sustained the charges. Accordingly, the Grievance Committee’s motion to confirm the report of the Special Referee is granted.
In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider, in mitigation, the highly aberrational nature of his misconduct, his acceptance of responsibility for his actions, his cooperation in the disciplinary proceedings, his sincere expression of remorse, the remedial action taken by him to prevent future misconduct, his excellent reputation, and the fact that he has learned from his misconduct and presents no risk of repeating his misconduct in the future.
The respondent was previously issued a letter of caution on October 2, 2007, for providing inaccurate information to the Grievance Committee during an investigation of his law firm’s involvement in a commercial matter.
Under the totality of circumstances, the respondent is publicly censured.
Mastro, A.EJ., Rivera, Skelos, Dillon and Angiolillo, JJ., concur.
Ordered that the petitioner’s motion to confirm the report of the Special Referee is granted; and it is further,
Ordered that the respondent, Mark Bratkovsky, is publicly censured for his misconduct.